[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

No. 10-13311
Non-Argument Calendar
_____

D. C. Docket No. 8:09-cr-00591-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON BRIAN SANDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 3, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Aaron Brian Sands appeals his 180-month total sentence, imposed after pleading guilty to one count of receiving child pornography, 18 U.S.C. § 2252(a)(2) ("Count 1"), and one count of possessing child pornography, 18 U.S.C. § 2252(a)(4)(B) ("Count 2"). No reversible error has been shown; we affirm.

On appeal, Sands argues that the district court erred in determining that his base offense level, pursuant to U.S.S.G. § 2G2.2, was 22 instead of 18. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004). In interpreting a guideline provision, we use "traditional rules of statutory construction." Id. Thus, absent ambiguity, a guideline's meaning is derived from its plain language. Id.

When a defendant is convicted of more than one count involving the receipt and possession of child pornography, the counts are grouped together for purposes of calculating the base offense level. See U.S.S.G. §§ 3D1.1(a)(1) (providing that when a defendant is convicted of multiple counts, the court must group the counts, pursuant to section 3D1.2); 3D1.2(d) (grouping offenses governed under section 2G2.2). "When the counts [within the resulting group] involve offenses of the same general type to which different guidelines apply," the court must determine the offense level by "apply[ing] the offense guideline that produces the highest offense level." U.S.S.G. § 3D1.3(b). The guideline at issue in this case -- section

2

2G2.2(a) -- provides that the base offense level is "(1) 18, if the defendant is convicted of . . . [section] 2252(a)(4) . . . [and] (2) 22, otherwise."

Sands argues that, because he was convicted of violating section 2252(a)(4), his base offense level should be 18: pursuant to section 2G2.2(a)(1). We reject this argument. Sands was convicted of two counts, which were grouped for purposes of sentencing, pursuant to section 3D1.2(d). Although Sands is correct that Count 2 -- standing alone -- would be assigned a base offense level of 18; pursuant to section 2G2.2(a)(1), Count 1 would be assigned a base offense level of 22, pursuant to section 2G2.2(a)(2). Because the plain language of the Guidelines directs courts to apply the "offense guideline that produces the highest offense level," the district court properly calculated Sands's base offense level as 22. See Mandhai, 375 F.3d at 1247.

Sands also argues that his sentence substantively is unreasonable based on the 18 U.S.C. § 3553(a) factors. He asserts that he has no criminal record, was honorably discharged from the Army, and received awards for his outstanding work as a teacher. Despite working with children for many years, he contends that nothing evidences that he acted inappropriately toward his students or had contact with the child victims in this case.

We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Sands's total sentence constitutes a 30-month downward variance from the applicable Guidelines range of 210 to 262 months' imprisonment. Cf. Talley, 431 F.3d at 787-88 (concluding that sentences within the Guidelines range are ordinarily expected to be reasonable). His sentence is also well below the 20-year statutory maximum sentence for his offense. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence).

In fashioning Sands's sentence, the court expressly considered the parties' arguments (including those arguments that Sands now repeats on appeal) and the section 3553(a) factors. In particular, the sentencing court discussed the nature and circumstances of the offense, noting that -- although Sands did not physically contact the victims -- he exchanged a large number of images and encouraged others to do so as well.[1] See 18 U.S.C. §3553(a)(1). For those same reasons, the court stated that Sands was in a different category from other defendants for which it had granted downward departures in the past. See 18 U.S.C. § 3553(a)(6) (addressing the need to avoid unwarranted sentence disparities). The court also addressed the need for Sands's sentence to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes, when it explained that the Guidelines impose high sentences for mere "users" of child pornography because defendants like Sands create a market for such images. See 18 U.S.C. § 3553(a)(2)(A), (B), (C). Based on this record, we are not convinced that the district court committed a clear error of judgment when it imposed Sands's sentence.

AFFIRMED.

---

[1]According to the Presentence Investigation Report, Sands possessed more than 1000 images and 50 videos.